UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY Trustee, INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>  Plaintiffs,<br><br>  v.<br><br>AKE ENTERPRISES LLC a Missouri limited liability company ***Clerk's Entry of Default entered 12/19/2022***,<br>AKE ENTERPRISES LLC d/b/a EASON CONSTRUCTION ***Clerk's Entry of Default entered 12/19/2022***,<br>EASON CONSTRUCTION LLC a Missouri limited liability company ***Clerk's Entry of Default entered 12/19/2022***,<br><br>  Defendants. | No. 1:22-cv-01085-JPH-MJD |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On May 26, 2022, Plaintiffs filed a complaint against Defendants, AKE Enterprises LLC, Eason Construction, and Eason Construction LLC, seeking damages for unpaid employer contributions. Dkt. 1. Defendants have not responded or defended this case. On December 19, 2022, clerk's entry of default was entered against Defendants. Dkt. 11. Plaintiffs have filed a motion for default judgment. Dkt. [15]. For the reasons that follow, that motion is **GRANTED**.

  **A.** **Liability**

1

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Defendants, dkt. 11, and Plaintiffs seek default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiffs seek unpaid contributions, liquidated damages, and audit costs. Dkt. 15 at 3. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

### 1. Unpaid contributions

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request $21,593.62 in unpaid contributions. Dkt. 15 at 3. In support, they have provided an affidavit from Richard Wolf, the president of an auditing firm that performed a fringe benefits contribution compliance audit for Plaintiffs. Dkt. 15-1. That affidavit explains that, based on work reports that Defendants submitted for November 2021 through April 2022, Defendants owe $21,593.62 for unpaid benefits. *Id.* at 2. The affidavit includes a spreadsheet itemizing and totaling the unpaid contributions, and a spreadsheet generated from Defendant's work reports. Dkt. 15-2 at 1–12.

This uncontested affidavit and supporting exhibits are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $21,593.62 in unpaid contributions.

### 2. Liquidated damages

29 U.S.C. § 1132(g)(2)(C) provides for liquidated damages under the plan "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions. Plaintiffs request $2,159.36 in liquidated damages. Dkt. 15 at 3. They have supported that request with an affidavit from Richard Wolf, a spreadsheet itemizing and totaling the liquidated damages, dkts. 15-1,-2, and the plan documents, dkt. 15-4 at 7 (Pension Trust Agreement Art. III § 4); *id.* at 47 (Welfare Trust Agreement Art. III § 6).

Those supporting exhibits are enough to support Plaintiffs' liquidated damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $2,159.36 in liquidated damages.

### 3. Audit costs

Under 29 U.S.C. § 1132(g)(2)(E), the Court shall award "other legal or equitable relief as the court deems appropriate." The Seventh Circuit has construed this "provision to include an award of audit costs." *Trustees of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

Plaintiffs request $840.00 in audit costs. Dkt. 15 at 3. In support, they have provided affidavit from Richard Wolf, explaining that the fee charged to Plaintiffs for the audit was $840.00. Dkt. 15-1 at 2. His declaration is enough to support Plaintiffs' audit cost request. *See e360 Insight*, 500 F.3d at 602; *Cork Plastering*, 570 F.3d at 902. They are therefore entitled to $840,00 in audit costs.

### C. Conclusion

Plaintiffs' motion for default judgment is **GRANTED**. Dkt. [15]. They are entitled to unpaid contributions, liquidated damages, and audit costs totaling $24,597.98. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/27/2023

                                                *James Patrick Hanlon*
                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

All Electronically Registered Counsel

AKE Enterprises LLC
c/o Timothy Gilmore, Registered Agent
1300 N. Main Street, Apt. 320
Sikeston, MO 63801-4850

AKE Enterprises LLC d/b/a Eason Construction
c/o Timothy Gilmore, Registered Agent
1300 N. Main Street, Apt. 320
Sikeston, MO 63801-4850

Eason Construction LLC
c/o Rob Soete, Registered Agent
1 Foundry Way
Saint Louis, MO 63105